# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50623
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2024

Lyle W. Cayce
Clerk

Tyrone Stafford,

*Plaintiff—Appellant*,

*versus*

Arnold S. Zwicke, *Executive Sheriff, Guadalupe County Sheriff's Office*; Magistrate Judges, *Guadalupe County*; County/District Attorney, *Guadalupe County*; District Court of Texas Judges 274th, *25th, 2nd 25th, Guadalupe County*; Guadalupe County Commissioners; Greg Abbott; Ken Paxton; Dave Wilborn, *Guadalupe County Attorney*; Arlene Gay; Tillie Luke; Guadalupe County Court at Law #1; Guadalupe County Court at Law #2; Supreme Court of Texas; Corporal F/N/U Doss, *Guadalupe County Sheriff's Office*; G. I. Castillo, *Guadalupe County Sheriff's Office*; Deputy F/N/U/ Gipson, *Guadalupe County Sheriff's Office*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-314

_____

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Tyrone Stafford filed a 42 U.S.C. § 1983 complaint alleging that deputies of the Guadalupe County Sheriff's Office used excessive force during a traffic stop in January 2022. The district court granted summary judgment in favor of the defendants, concluding that Stafford failed to demonstrate a constitutional violation. Stafford moves to proceed *in forma pauperis* ("IFP") on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Stafford will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Stafford's motion to supplement his reply brief is GRANTED.

Stafford devotes a majority of his initial brief to challenging the legality of his arrest. He does not meaningfully question the district court's reasons for finding that the deputies did not use excessive force and therefore were entitled to qualified immunity. Thus, Stafford abandons the primary issue on appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Furthermore, Stafford abandons his § 1983 claims against the remaining defendants by not raising them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Accordingly, Stafford fails to raise a nonfrivolous issue with respect to the summary judgment. *See Baugh*, 117 F.3d at 202 n.24; Fed. R. Civ. P. 56(a).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.